UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-175-RJC

| | |
|---|---|
| KEITH L. SHROPSHIRE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RENOICE E. STANCIL, ) | |
| **Administrator of Bertie Correctional** ) | |
| **Institution,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Respondent's Motion for Summary Judgment on the claims presented by Petitioner in his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's Motion for Summary Judgment, (Doc. No. 11), will granted and Petitioner's Section 2254 petition, (Doc. No. 1), will be denied and dismissed.

**I.     BACKGROUND**

Petitioner was indicted on April 26, 2004, with one count of statutory rape and one count of first-degree rape. During the April 19, 2010, criminal session of the Iredell County Superior Court, Petitioner, represented by counsel, appeared for trial on the charges. He changed course, however, and decided to enter a plea of guilty pursuant to a written plea agreement to lesser charges of attempted first-degree rape and attempted statutory rape. The plea agreement specifically provided that the "sentencing will be in the mitigated range at the court's discretion" and that "the court will determine whether the sentences will be served concurrently or

1

consecutively." The Court conducted a plea colloquy and determined that Petitioner understood the terms and contents of the plea agreement and then accepted Petitioner's plea of guilty and sentenced Petitioner to consecutive terms of 151-191 months on each count. Petitioner expressed some misunderstanding with the trial court's decision to run the sentences consecutively and attempted to withdraw his guilty plea. His motion was denied and Petitioner filed a timely notice of appeal with the North Carolina Court of Appeals. (Doc. No. 13-2 at 1-2).

Petitioner's convictions and sentences were upheld on appeal after the Court of Appeals found that the trial court did not err in denying Petitioner's motion to withdraw his guilty plea without first holding an evidentiary hearing. The court also found that the plea colloquy established that Petitioner's decision to plead guilty was the product of a knowing and intelligent understanding of the contents of the plea agreement and the nature of the charges against him. (Id. at 3-4). On June 15, 2011, Petitioner's petition for a writ of certiorari to the Supreme Court of North Carolina was denied.

Petitioner then filed a pro se motion for appropriate relief ("MAR") with the Mecklenburg County Clerk of Superior Court. On October 21, 2011, Petitioner's MAR was summarily denied by Superior Court Judge Richard Boner on the grounds that the issues raised in his MAR were "identical issues [which] could have been raised on appeal or were resolved against him by the North Carolina Court of Appeals." (Doc. No. 13-11).

On November 10, 2011, Petitioner filed a petition for a writ of certiorari with the North Carolina Court of Appeals which was denied by order entered November 23, 2011. (Doc. No. 13-14). The Supreme Court of North Carolina dismissed Petitioner's petition for a writ of certiorari to review the court of appeals' decision. State v. Stropshire, 720 S.E.2d 671 (N.C.

2012); (Doc. No. 13-18).  Petitioner's petition for habeas relief under Section 2254 follows the North Carolina Supreme Court's denial.

## II.     STANDARD OF REVIEW

### A.     Summary Judgment Standard

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B.     Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and

3

finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

### III. DISCUSSION

#### A. Ground for Relief (1): Lack of Jurisdiction

Petitioner contends that the trial court lacked jurisdiction because he was indicted under N.C. Gen. Stat. §§ 14-27.2 (first-degree rape) & 14-27.7A (rape of a child). Petitioner contends that, instead, he should have been indicted under G.S. 14-27.7(a) (custodial sex offense). (Doc. No. 1 at 5). Petitioner contends this claim has been exhausted in his journey through the state courts. Petitioner offers no argument or case law to support his position that the trial court would lack jurisdiction over discretionary charges brought by the assistant district attorney. Under North Carolina law, the district attorney "shall prepare the trial dockets, prosecute in a timely

manner in the name of the State all criminal actions and infractions requiring prosecution in the superior and district court of his prosecutorial district . . ." N.C. GEN. STAT. § 7A-61. In this case, the record is undisputed that the district attorney brought the charges to which Petitioner pled guilty. Conclusory allegations, such as those advanced by Petitioner, are subject to summary dismissal. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Petitioner's argument is denied.

      B.      Ground for Relief (2): Ineffective Assistance of Counsel

Petitioner next argues that he was denied effective assistance of counsel as protected by the Sixth Amendment because his trial counsel failed to conduct a proper pretrial investigation of his case, and refused "to argue [petitioner's] pro se motions, including [a] motion for speedy trial violations." Petitioner further contends that his trial counsel was ineffective in refusing to appeal after Petitioner suffered a constitutional violation. (Doc. No. 1 at 7).

In order to prevail on a claim of ineffective assistance of trial counsel, a petitioner must first establish that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. In adjudging this standard, the Court must determine whether counsel's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). Next, the petitioner must demonstrate that his counsel's "deficient performance prejudiced the defense." Id. In the context of a guilty plea, in order to demonstrate prejudice, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In the present case, Petitioner pleaded guilty in state court to two felonies. The analysis

5

required by the Supreme Court is clear regarding the effect of sworn statements during a plea hearing:

> the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge, 431 U.S. at 73-74.

Petitioner's argument that his counsel was ineffective in failing to properly prepare for trial is without merit. First, this allegation is purely conclusory as Petitioner offers no supporting facts. Second, Petitioner does not claim that he would have elected to plead not guilty and proceed to trial in the absence of his trial counsel's alleged errors. Last, the Transcript of Plea and the transcript of his plea hearing both belie his post-plea, post-conviction challenges. While under oath, Petitioner averred that his lawyer had explained the charges to him and that he understood each and every element of the charges; that he and his lawyer had discussed the possible defenses; and that he was satisfied with his lawyer's services. Petitioner next averred that he understood he could elect to plead not guilty, and to have a trial by a jury in which he would have the right to confront and cross-examine witnesses. Finally, Petitioner averred that he understood by choosing to plead guilty, he would waive these rights. See (Doc. No. 13-4 at 7: Transcript of Plea).

Petitioner argues that his counsel was ineffective for failing to argue his pro se pretrial motions. This argument is not supported by the record. During his plea colloquy the trial court discussed his pro se motions at length, both with Petitioner and his trial counsel. The trial court

6

concluded the motions were without merit, as had his trial counsel who explained to the court that as an officer of the court he would not argue frivolous motions. The court provided Petitioner with an opportunity to represent himself or have his trial counsel remain as standby counsel and Petitioner refused, exclaiming that he was "too nervous to even to attempt to try to defend [him]self." (Doc. No. 13-4 at 38-47: Transcript of Plea Hearing). Counsel was not ineffective in declining to argue motions that he believed were frivolous, and Petitioner, given the chance, declined to argue the motions on his own.

Petitioner's argument that his trial counsel was ineffective for failing to file a motion for a speedy trial is without merit. This is so, particularly, because Petitioner himself swore under oath that he would forego his constitutional right to a trial and elect to plead guilty. Moreover, Petitioner does not offer any argument as to how he was prejudiced by his counsel's alleged failure to file a motion that Petitioner himself would have later made moot. In addition, Petitioner was offered lesser charges and a resulting lesser sentence by choosing to plead guilty. See (Doc. No. 13-4 at 48-49: Transcript of Plea Hearing). Finally, Petitioner does not argue that but for the lack of a speedy trial motion, he would have chosen to plead not guilty and proceed to trial. This argument is denied.

Last, Petitioner argues that his counsel failed to appeal after a "constitutional violation." Petitioner does not contend, however, that he did not proceed with a direct appeal. In fact, following his sentencing, Petitioner entered notice of appeal in open court by stating that his "constitutional rights were violated. I appeal." (Doc. No. 13-4 at 68). Petitioner also entered a written notice of appeal. (Id. at 22). Petitioner has failed to demonstrate prejudice because his appeal was twice made a part of the State record and he proceeded with a timely direct appeal.

7

Case 3:12-cv-00175-RJC   Document 22   Filed 02/13/13   Page 7 of 14

See North Carolina v. Shropshire, 708 S.E.2d 181, 182 n.2 (N.C. Ct. App. 2011) (court of appeals noting Petitioner's notice of appeal from the trial court's judgment). This argument is denied.

  C. Ground for Relief (3): Sixth Amendment Right to a Speedy Trial

  Petitioner contends in his third ground for relief that his Sixth Amendment right to a speedy trial was violated because he was not retried within 180 days from the date a speedy trial motion was filed. (Doc. No. 1 at 8). As argued by the State in response to the pending Section 2254 petition, Petitioner waived his right to contest the speedy trial issue because Petitioner entered a knowing and voluntary plea to the reduced charges and the right to a speedy trial is a non-jurisdictional issue. (Doc. No. 13 at 20); see United States v. Moreno-Serafin, 251 F. App'x 185, 187 (4th Cir. 2007) (unpublished) (stating that the right to a speedy trial is a non-jurisdictional issue) (citing Washington v. Sobina, 475 F.3d 162, 166 (3rd Cir. 2007) (collecting cases); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973) (holding that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759 (1970)]."). This argument is without merit and will be denied.

  D. Ground for Relief (4): Breach of Plea Agreement

  Petitioner next argues that he is entitled to habeas relief because his plea agreement was

breached. Petitioner contends that he was to be sentenced to 114-146 months "pursuant to his plea agreement discussed with the Judge and District Attorney." (Doc. No. 1 at 10). This argument is contradicted by the record evidence before the Court and presents yet another attack on the knowing and voluntary nature his guilty pleas.

During his plea hearing, Petitioner averred under oath that he accepted the terms of the agreement and that that he understood that the maximum term which could be imposed was 720 months if he were sentenced to consecutive terms. See (Doc. No. 13-4 at 8: Transcript of Plea; Id. at 51: Transcript of Plea Hearing). According to both the Transcript of Plea and the Transcript of Plea Hearing, the Court explained that Petitioner was agreeing to plead guilty to the mitigated range "at the Court's discretion. Also the Court will determine whether the sentences will be served concurrently or consecutively." (Id. at 9); see also (id. at 52) ("[The State] is letting you plead guilty to those B2 felonies instead of the B1 felonies, the sentencing will be in the mitigated range *in the Court's discretion*. The Court will determine whether the sentences will be served concurrently or consecutively, that is back to back.") (emphasis added). In response to the Court's inquiry regarding whether Petitioner accepted this arrangement, Petitioner replied: "Yes, sir." (Id. at 52-53). The Court continued by inquiring whether there were any other promises made to Petitioner other than those contained in the plea agreement, and Petitioner confirmed that there were not. (Id. at 53).

Prior to pronouncement of sentence, the assistance district attorney argued for the "top of the mitigated range, consecutive, 151 to 191 times two, and that would be the State's request." (Id. at 55). While this statement appears to confuse the mitigated range with the higher presumptive range, there is still no question that the State agreed in the Transcript of Plea, as did

9

Petitioner and his trial counsel, that the sentencing would be in the mitigated range "at the Court's discretion." (Id. at 9).

Petitioner's argument that the prosecutor and the trial court breached the plea agreement is in error. As the record makes plain, all parties to the plea agreement, which, of course does not include the trial court, expressly agreed that the court would have final say in the actual sentence that was ordered and that is precisely what happened. That the sentence is greater than Petitioner expected cannot entitle him to relief in this habeas proceeding because he knowingly and voluntarily agreed that the trial court would make the final determination. This argument is denied.

      E.      <u>Ground for Relief (5): Trial Court's Decision Not to Remove Trial Counsel</u>

Petitioner contends that his Sixth Amendment right to counsel was violated when he and his defense counsel informed the trial court that there was a conflict of interest between them and the trial court declined to remove his counsel. (Doc. No. 1 at 15). This argument is unsupported by the record and without merit.

Petitioner and his trial counsel were prepared to go to trial on two B1 felonies relating to his sexual encounters with a minor child. (Doc. No. 13-4 at 52). Prior to trial, Petitioner's counsel argued two motions and informed the trial court that Petitioner had a host of pretrial pro se motions that he wanted to argue. The trial court informed Petitioner that it had reviewed his pro se motions, some of which were filed following his mistrial, and some filed on the day of his retrial. (Id. at 32-36). Trial counsel summarized the nature of the motions and then the trial court addressed Petitioner and inquired whether he wished to continue with his counsel or represent himself at trial. Petitioner explained that he drafted the motions to assist his attorney in pretrial

10

preparation. Trial counsel informed the court that he would not argue these motions because he believed them to be frivolous. Petitioner was provided the opportunity to represent himself and he refused stating, "I would like for him to lead as my attorney, yes." (Id. at 46). Petitioner then agreed to plead to the lesser B2 offenses and, during his plea colloquy and while under oath, he swore that he was satisfied with the services of his attorney. (Doc. No. 13-4 at 7). As noted previously, a defendant's sworn statements to the court during a plea hearing carry great weight. Blackledge, 431 U.S. at 73-74.

Petitioner was given every opportunity to represent his own interests in his trial, and even offered the opportunity to have his trial counsel remain as standby counsel and he refused, and his later averment that he was satisfied with his counsel precludes his present attack in this collateral proceeding. This argument is denied.

    F.    <u>Ground for Relief (6): Fifth and Eighth Amendment Violations</u>

Petitioner contends that his Fifth and Eighth Amendment rights were violated when the trial court sentenced him to consecutive terms of imprisonment "in violation of the sentencing reform act." To the extent Petitioner contends that his sentence violates federal sentencing law, this claim is denied as the imposition of consecutive sentences is clearly not in violation of federal law. See 28 U.S.C. § 2254(d)(1). And consecutive sentences are expressly allowed under North Carolina law. See N.C. Gen. Stat. § 15A-1340.15 (a) ("Consecutive Sentences. –This article does not prohibit the imposition of consecutive sentences. Unless otherwise specified by the court, all sentences of imprisonment run concurrently with any other sentences of imprisonment."). There is no dispute that the trial court expressly ordered Petitioner's sentences to run consecutively. See (Doc. No. 13-4 at 68). This argument is denied.

11

G. Ground for Relief (7): Discovery of Mitigating and Impeachment Evidence

Petitioner contends that the State violated his right to the discovery of mitigating and impeachment evidence "regarding [the] trial transcript and also altering the Record on Appeal removing many constitutional violations." (Doc. No. 1 at 19). Petitioner pled guilty and expressly waived his right to contest the State's evidence through trial, including his constitutional right to confront and cross-examine witnesses. Moreover, Petitioner offers only conclusory allegations on this issue. See Blackledge, 431 U.S. at 74 (finding that conclusory allegations unsupported by specifics are subject to summary dismissal). This argument is denied.

H. Ground for Relief (8): Prosecutorial Misconduct

Petitioner's final claim for relief contends that the assistant district attorney was guilty of prosecutorial misconduct in presenting perjured testimony during his sentencing hearing. (Doc. No. 1 at 21). First, there was no sworn testimony during his sentencing hearing. The only sworn testimony offered the day of Petitioner's sentencing was Petitioner's testimony during his plea hearing. Second, Petitioner's conclusory allegations are unsupported by anything in the record. This argument is denied.

I. Motion to Expand the Page Limitations

Petitioner filed a motion to expand the page limitations of his response to the Respondent's motion for summary judgment. In his 124-page response, including exhibits, Petitioner fails to adequately support the grounds for relief set forth in his Section 2254 petition. His response is essentially a lengthy effort to try his case before this Court. As discussed in detail above, Petitioner expressly waived his right to have a jury decide the merits of the State's case against him and the Court finds that the State is entitled to the binding effect of his solemn

admission of guilt. (Doc. No. 18-2: Petitioner's Response). However, the Court grants Petitioner's Motion, (Doc. No. 16), and has considered Petitioner's entire Response.

      J.      <u>Motion for Production of Documents</u>

Petitioner filed a motion for production of documents, specifically, copies of pro se motions he filed during his state criminal proceedings. A petitioner in a habeas proceeding is not automatically afforded the right to discovery. <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2254 cases provides that a "judge may, for good cause, authorize a party to conduct discovery." Further, Rule 6(b) provides that a "party requesting discovery must provide reasons for the request. Petitioner contends that he should be entitled to copies of his pro se pretrial motions "to determine which issues were reserved for review on direct appeal." (Doc. No. 16 at 2). As discussed above, Petitioner was represented by counsel during the course of his state proceedings and the substance of the pretrial motions were read into the record during his pretrial hearing by his attorney. His attorney and the trial court, both of whom reviewed each motion, agreed that the motions were frivolous. Moreover, Petitioner declined to proceed pro se and argue the motions, electing instead to plead guilty. Petitioner has failed to demonstrate good cause and his Motion for Production of Documents, (Doc. No. 17), is denied.

      **IT IS, THEREFORE ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;
2. Petitioner's Motion to Expand Page Limitations, (Doc. No. 17) is **GRANTED**;
3. Petitioner's Motion for Production of Documents, (Doc. No. 16), is **DENIED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 13, 2013

Robert J. Conrad, Jr.
Chief United States District Judge